IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROBERT C. WILSON, II,

           Plaintiff,

v.                                     CIVIL ACTION NO. 3:10-0445

APPALACHIAN POWER COMPANY
d/b/a AEP Appalachian Power,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Robert C. Wilson, II's Motion for Leave to Amend Complaint (Doc. 33). For the following reasons, this motion is **GRANTED**.

**I. Rules 15(a) and 16(b): Good Cause Shown**

*Fed. R. Civ. P.* 15(a)(2) permits amendment of a complaint after a responsive pleading has been filed "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, the time for amending pleadings has expired; this Court's Scheduling Order established the deadline as July 16, 2010. Accordingly, for the Court to grant Plaintiffs' motion, Plaintiff must also satisfy *Fed. R. Civ. P.* 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." *See, e.g.*, Nourison *Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). This standard is more stringent than that pursuant to Rule 15(a). This Court has adopted a two-step analysis, utilizing both these standards, when a party seeks leave to amend a pleading which simultaneously requires a modification to the Court's scheduling order:

> Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a).

*See Stewart v. Coyne Textile Services*, 212 F.R.D. 494, 495–96 (S.D. W. Va. 2003) (quoting *Marcum v. Zimmer*, 163 F.R.D. 250 (S.D. W. Va. 1995)).

To establish good cause under Rule 16(b), a court considers the diligence with which the movant sought the amendment and the reasons for seeking the modification. *Id.* at 496 (citing *Marcum*, 163 F.R.D. at 254). Plaintiff seeks to add Stone & Webster Construction, Inc. as a defendant in this action. In his Motion for Leave to Amend, Plaintiff stated that the delay is a result of the late date on which he obtained information regarding the possible relevance of Stone & Webster's actions to his case. In particular, he cites the receipt of an incident analysis report from Defendant through discovery on November 8, 2010, which provided information regarding possible negligence by Stone & Webster that may have resulted in Plaintiff's alleged injury. The late discovery regarding Stone & Webster's potential liability is further supported by Defendant's Motion for Leave to File Third-Party Complaint (Doc. 22), dated October 20, 2010, which sought to add Stone & Webster as a third party defendant to this action. Plaintiff also states that the receipt of the third party defendant's answer, on or about December 1, 2010, further delayed his seeking leave to file an amended complaint. In light of the foregoing, this Court **FINDS** that Plaintiff has established good cause under Rule 16(b) to modify the scheduling order.

To satisfy Rule 15(a), a plaintiff, again, must show good cause. In particular, "if a plaintiff has unduly delayed seeking amendment and the delay is 'accompanied by prejudice, bad faith, or futility[,]' amendment should be denied." *West Virginia Hous. Dev. Fund*, 200 F.R.D. 564, 567 (S.D. W. Va. 2001) (quoting *Smith v. United Parcel Serv., Inc.*, 902 F. Supp. 719, 721 (S.D. W. Va.

1995)).  As discussed above, Plaintiff's reasons for a delayed amendment to the complaint is explained by the late date on which Stone & Webster's potential liability became apparent to both the plaintiff and the defendant.  Further, Stone & Webster will not be prejudiced by this amendment as Defendant's Third Party Complaint put Stone & Webster on notice of its possible liability in this action.  Accordingly, the Court **FINDS** that Plaintiff has shown good cause for an amendment of the complaint pursuant to Rule 15(a).

## II.  Rule 16(c): Relation Back of Amended Complaint

In addition to seeking a modification of the scheduling order and an amendment of his complaint, Plaintiff also seeks to relate back the amended complaint to the date of the originally filed complaint, March 31, 2010.  *Fed. R. Civ. P.* 15(c)(1) provides three manners in which an amendment can relate back to the date of an original pleading.  Applicable here is the second, where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  *Fed. R. Civ. P.* 15(c)(1)(B).  Plaintiff seeks to add Stone & Webster on the basis of its actions that allegedly contributed to the injury alleged in the original pleading.  Accordingly, the Court **FINDS** that the Plaintiff's Amended Complaint satisfies the requirements of Rule 15(c)(1)(B), and relates back to the original pleading.

For the foregoing reasons, the Court **GRANTS** the plaintiff's motion for leave to amend the complaint and **FINDS** that it relates back to the originally filed complaint in this action.  The Court **DIRECTS** the Clerk to file the Amended Complaint and further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 24, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE